**UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| DATA SCAPE LIMITED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VERIZON COMMUNICATIONS, INC.,<br>CELLCO PARTNERSHIP D/B/A VERIZON<br>WIRELESS, and VERIZON CONNECT,<br>INC.,<br><br>　　　　　Defendants. | C.A. No. 6:19-cv-174<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which plaintiff Data Scape Limited ("Plaintiff," "Data Scape") makes the following allegations against defendants Dell Technologies Inc., Dell Inc., and EMC Corporation (each "Defendant" or collectively "Defendants"):

## PARTIES

1.　　　Data Scape is a company organized under the laws of Ireland with its office located at Office 115, 4-5 Burton Hall Road, Sandyford, Dublin 18, Ireland.

2.　　　On information and belief, defendant Verizon Communications Inc. ("Verizon Communications") is a Delaware corporation with a principal place of business at 1095 Avenue of the Americas, New York, New York 10036. Verizon Communications has additional offices at 11950 Don Haskins Drive, El Paso, Texas 79936. Verizon Communications may be served through its registered agent, CT Corporation System, 350 North Paul Street, Dallas, Texas 75201.

3.　　　On information and belief, defendant Cellco Partnership d/b/a Verizon Wireless ("Cellco Partnership") is a Delaware partnership with its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey  07920.  Cellco Partnership has

additional offices at 1820 S. Valley Mills Drive., Waco Texas, 76711, 5301 Bosque Blvd., Ste. 120, Waco, Texas 76710, and 2812 W. Loop 340, Suite#H-112, Waco, Texas 76711. Cellco Partnership is wholly owned by its corporate parent, Verizon Communications and are collectively referred to as "Verizon Wireless." Cellco Partnerhsip may be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

4.     On information and belief, defendant Verizon Connect, Inc. is a Delaware corporation with a principal place of business at 2002 Summit Blvd., Suite 1800, Atlanta GA. On further information and belief, Verizon Connect, Inc. has additional offices at 10801 North MoPac Expressway, Building 3, Suite 500, Austin, Texas 78759. Verizon Connect may be served through its registered agent, CT Corporation System, 350 North Paul Street, Dallas, Texas 75201. Verizon Connect, Inc. is wholly owned by its corporate parent, Verizon Communications are collectively referred to herein as "Verizon Connect."

## JURISDICTION AND VENUE

5.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over each defendant in this action because each defendant has committed acts within the Western District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over each defendant would not offend traditional notions of fair play and substantial justice.  Each defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patents.

7.     Venue is proper in this district under 28 U.S.C. § 1400(b). Each defendant has established places of business in the Western District of Texas. Each defendant is

registered to do business in Texas. Upon information and belief, each defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,386,581

### (Against Verizon Communications and Cellco Partnership collectively "Verizon Wireless")

8.     Data Scape is the owner by assignment of United States Patent No. 8,386,581 ("the '581 Patent"), entitled "Communication System And Its Method and Communication Apparatus And Its Method." The '581 Patent was duly and legally issued by the United States Patent and Trademark Office on February 26, 2013. A true and correct copy of the '581 Patent is included as Exhibit A.

9.     On information and belief, Verizon Wireless has offered for sale, sold and/or imported into the United States products and services that infringe the '581 patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, Verizon Wireless smartphones using the Verizon Cloud application, including the Palm device, and all versions and variations thereof since the issuance ("Accused Instrumentalities").

10.     On information and belief, Verizon Wireless has directly infringed and continues to infringe the '581 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities, which constitute communication apparatus of Claim 1 of the '581 Patent comprising: a storage unit configured to store content data to a storage medium; a communication unit configured to communicate with an external apparatus; a controller configured to edit a list so that content data is registered in the list, to uniquely associate the list with the external apparatus using a unique identification of the external apparatus, to extract the list associated with the external apparatus from a plurality of lists in the

communication apparatus when the external apparatus is connected to the communication apparatus, and to control transferring of content data registered in the extracted list to the external apparatus.  Upon information and belief, Verizon Wireless uses the Accused Instrumentalities, which are infringing systems, for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to Verizon Wireless's customers.

11.     On information and belief, Verizon Wireless has had knowledge of the '581 Patent since at least the filing of the original Complaint in this action, or shortly thereafter, and on information and belief, Verizon Wireless knew of the '581 Patent and knew of its infringement, including by way of this lawsuit. By the time of trial, Verizon Wireless will have known and intended (since receiving such notice) that their continued actions would actively induce and contribute to the infringement of the claims of the '581 Patent.

12.     On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '581 Patent.

13.     Verizon Wireless's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to infringe the claims of the '581 Patent, knowing that when the Accused Instrumentalities are used in their ordinary and customary manner, such systems constitute infringing communication systems comprising: a storage unit configured to store content data to a storage medium; a communication unit configured to communicate with an external apparatus; a controller configured to edit a list so that content data is registered in the list, to uniquely associate the list with the external apparatus using a unique identification of the external apparatus, to extract the list associated with the external apparatus from a plurality of lists in the communication apparatus when the external apparatus is connected to the communication apparatus, and to control transferring of

content data registered in the extracted list to the external apparatus.  For example, Verizon Wireless explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of allowing "Backup and sync automatically. Keep your important stuff saved and up to date. With Verizon Cloud, your daily changes are automatically protected on our secure servers."  *See* https://www.verizonwireless.com/solutions-and-services/verizon-cloud/.  Verizon Wireless also induces its customers to use the Accused Instrumentalities to infringe other claims of the '581 Patent.  Verizon Wireless specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '581 Patent.  Verizon Wireless performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '581 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, Verizon Wireless engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through Verizon Wireless's user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '581 Patent.  Accordingly, Verizon Wireless has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '581 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '581 Patent. Accordingly, Verizon Wireless has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '581 Patent, in violation of 35 U.S.C. § 271(b).

14.    Verizon Wireless has also infringed, and continues to infringe, claims of the '581 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the '581 patent, and constitute a material part of the invention.

Verizon Wireless knows the components in the Accused Instrumentalities to be especially made or especially adapted for use in infringement of the '581 patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. For example, the ordinary way of using the Accused Instrumentalities infringes the patent claims, and as such, is especially adapted for use in infringement. Accordingly, Verizon Wireless has been, and currently is, contributorily infringing the '581 patent, in violation of 35 U.S.C. § 271(c).

15.     For similar reasons, Verizon Wireless also infringes the '581 Patent by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the Accused Instrumentalities, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the '581 Patent if such combination occurred within the United States. For example, Verizon Wireless supplies or causes to be supplied in or from the United States all or a substantial portion of the hardware (e.g., Palm device) and software (e.g., Verizon Cloud) components of the Accused Instrumentalities in such a manner as to actively induce the combination of such components outside of the United States.

16.     Verizon Wireless also indirectly infringes the '581 Patent by supplying or causing to be supplied in or from the United States components of the Accused Instrumentalities that are especially made or especially adapted for use in infringing the '581 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use, and where such components are uncombined in whole or in part, knowing that such components are so made or adapted and intending that such components are combined outside of the United States in a manner that would infringe the '581 Patent if such combination occurred within the United States. Because the Accused Instrumentalities are designed to operate as the claimed system and apparatus, the Accused Instrumentalities have no substantial non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. For

example, Verizon Wireless supplies or causes to be supplied in or from the United States all or a substantial portion of the hardware (e.g., Palm device) and software (e.g., Verizon Cloud application) components that are especially made or especially adapted for use in the Accused Instrumentalities, where such hardware and software components are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such components are so made or adapted and intending that such components are combined outside of the United States, as evidenced by Verizon Wireless's own actions or instructions to users in and enabling and configuring the infringing functionalities of the Accused Instrumentalities.

17.    The Accused Instrumentalities include "[a] communication apparatus." For example, the Palm device as sold by Verizon includes the Verizon Cloud application:



The Palm device with the Verizon Cloud application is an example of a communication apparatus designed to transmit data from the Palm device to the Verizon Cloud servers:

# Verizon Cloud Features

 **Celebrate your photos.**

Transform your photos into beautiful print products that you'll cherish for a lifetime.

**Backup and sync automatically.**

Keep your important stuff saved and up to date. With Verizon Cloud, your daily changes are automatically protected on our secure servers.

https://www.verizonwireless.com/solutions-and-services/verizon-cloud/.

18.     The Accused Instrumentalities include "a storage unit configured to store content data to a storage medium." For example, the Palm device includes gigabytes of storage, designed to store various content data (*e.g.* contacts, photos, videos, music, and documents).



*See also* https://www.palm.com/product:



19.     The Accused Instrumentalities further include "a communication unit configured to communicate with an external apparatus." For example, the Palm device is configured to communicate with the Verizon Cloud servers (an example of an external apparatus) to backup and sync data contained on the device:



# Verizon Cloud Features

 **Celebrate your photos.**

Transform your photos into beautiful print products that you'll cherish for a lifetime.

**Backup and sync automatically.**

Keep your important stuff saved and up to date. With Verizon Cloud, your daily changes are automatically protected on our secure servers.

https://www.verizonwireless.com/solutions-and-services/verizon-cloud/

     20.    The Accused Instrumentalities further include "a controller configured to edit a list so that content data is registered in the list." For example, the Palm device includes a touch screen interface that allows a user to choose which data in the list of contacts, photos, videos, music, and documents will backed up using the Verizon Cloud application:



## 1. What is Verizon Cloud?

Verizon Cloud is a service that offers secure cloud storage to wirelessly back up and sync the following types of content between your phone, tablet, computer and other devices:

- Contacts

- Pictures

- Videos

- Music

- Documents

- Text and multimedia messages*

- Call logs*

You can access your content through the Verizon Cloud website or the Verizon Cloud app on your iOS device, Android® device or computer. Your content is available virtually anywhere.

Plus, if your phone is ever damaged, lost or stolen, you don't have to worry about losing your contacts or files.

Get Verizon Cloud now or watch a video about Verizon Cloud to learn more.

*Call logs are Customer Proprietary Network Information (CPNI) and are subject to the Verizon Privacy Policy.

https://www.verizonwireless.com/support/verizon-cloud-faqs/

21.     The Accused Instrumentalities further include a controller configured "to uniquely associate the list with the external apparatus using a unique identification of the external apparatus." For example, each Verizon Cloud account is associated with a unique mobile number and email address which identifies the content stored in the Verizon Cloud servers:

**3. I have more than one line on my account. How do I manage the Verizon Cloud content backed up from my other devices?**

Each mobile number on your account will have a separate Verizon Cloud account associated with it, if it subscribes to the service. To access the content stored in the cloud for a specific device, you have to sign in to the Verizon Cloud website using that device's username and password.

You can't view the cloud content for all of your devices at once, even as the Account Owner. You can only see the cloud content associated with the specific mobile number you sign in under.

Note: Tablets also have a mobile number assigned to them, which you can use to sign in to Verizon Cloud. If you sign in with your tablet number, you'll access the cloud specific to your tablet. If you sign in with your mobile phone number, you can view, sync and back up to your phone's Cloud account. If you don't know your tablet's mobile number, you can find it on the My Devices page in My Verizon.



https://www.verizonwireless.com/support/verizon-cloud-faqs/



22.     The Accused Instrumentalities further include a controller configured "to extract the list associated with the external apparatus from a plurality of lists in the communication apparatus when the external apparatus is connected to the communication apparatus." For example, when the Palm device is connected to the Verizon Cloud server it will compare the lists of data stored in the Verizon Cloud server with the lists of data selected by the user in the Palm device to determine if any data needs to be backed up:

## 1. What is Verizon Cloud?

Verizon Cloud is a service that offers secure cloud storage to wirelessly back up and sync the following types of content between your phone, tablet, computer and other devices:

- Contacts

- Pictures

- Videos

- Music

- Documents

- Text and multimedia messages*

- Call logs*

You can access your content through the Verizon Cloud website or the Verizon Cloud app on your iOS device, Android® device or computer. Your content is available virtually anywhere.

Plus, if your phone is ever damaged, lost or stolen, you don't have to worry about losing your contacts or files.

Get Verizon Cloud now or watch a video about Verizon Cloud to learn more.

*Call logs are Customer Proprietary Network Information (CPNI) and are subject to the Verizon Privacy Policy.

https://www.verizonwireless.com/support/verizon-cloud-faqs/

23.     The Accused Instrumentalities further include a controller configured "to control transferring of content data registered in the extracted list to the external apparatus." For example, the Palm device using the Verizon Cloud application is configured to compare the data already transmitted to the Verizon Cloud Drive with the data present in the Palm device that the user selected to be backed up and transmit new or changed data from the Palm device to the Verizon cloud server (e.g. a new photo that was not previously saved on the Verizon Cloud server):

## 1. What is Verizon Cloud?

Verizon Cloud is a service that offers secure cloud storage to wirelessly back up and sync the following types of content between your phone, tablet, computer and other devices:

- Contacts

- Pictures

- Videos

- Music

- Documents

- Text and multimedia messages*

- Call logs*

You can access your content through the Verizon Cloud website or the Verizon Cloud app on your iOS device, Android® device or computer. Your content is available virtually anywhere.

Plus, if your phone is ever damaged, lost or stolen, you don't have to worry about losing your contacts or files.

Get Verizon Cloud now or watch a video about Verizon Cloud to learn more.

*Call logs are Customer Proprietary Network Information (CPNI) and are subject to the Verizon Privacy Policy.

https://www.verizonwireless.com/support/verizon-cloud-faqs/

For example, if the user has selected Photos to be backed up and if the Palm device determines that a photo has been taken that has not been backed up or synced with the Verizon Cloud server, the Palm device will inform the user that there is data that has not yet been backed up, and will transfer only that photo upon performing a back up (*e.g.* the photo will be transferred to Verizon Cloud during the next back up or upon the "Back Up Now" button being selected).

14



24.      Verizon Wireless also infringes other claims of the '581 Patent, directly and through inducing infringement and contributory infringement.

25.       On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the methods claimed by the '581 Patent.

26.      By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' data communication features, Verizon Wireless  has injured Data Scape and is liable to Data Scape for infringement of the '929 Patent pursuant to 35 U.S.C. § 27

27.      As a result of Verizon Wireless's infringement of the '581 Patent, Data Scape is entitled to monetary damages in an amount adequate to compensate for each Verizon Wireless's infringement, but in no event less than a reasonable royalty for the use made of the invention by Verizon Wireless, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,720,929

## (Against Verizon Communications and Cellco Partnership collectively "Verizon Wireless")

28.      Data Scape is the owner by assignment of United States Patent No. 7,720,929 ("the '929 Patent"), entitled "Communication System And Its Method and Communication Apparatus And Its Method." The '929 Patent was duly and legally issued by the United States Patent and Trademark Office on May 18, 2010. A true and correct copy of the '929 Patent is included as Exhibit B.

29.      On information and belief, Verizon Wireless has offered for sale, sold and/or imported into the United States Verizon Wireless products and services that infringe the '929 patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, Verizon Wireless smartphones using the Verizon Cloud application, including the Palm device, and all versions and variations thereof since the issuance ("Accused Instrumentalities").

30.      On information and belief, Verizon Wireless has directly infringed and continues to infringe the '929 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities, which constitute the communication system of Claim 1 of the  '929 Patent comprising: a first apparatus having a first storage medium, and a second apparatus, said second apparatus comprising: a second storage medium configured to store management information of data to be transferred to said first storage medium, a communicator configured to communicate data with said first apparatus, a detector configured to detect whether said first apparatus and said second apparatus are connected, an editor configured to select certain data to be transferred and to edit said management information based on said selection without regard to the connection of said first apparatus, and a controller configured to control transfer of the selected data stored in said second

apparatus via said communicator based on said management information edited by said editor when said detector detects that said first apparatus and said second apparatus are connected, wherein said controller is configured to compare said management information edited by said editor with management information of data stored in said first storage medium and to transmit data in said second apparatus based on the results of the comparison.   Upon information and belief, Verizon Wireless uses the Accused Instrumentalities, which are infringing systems, for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to Verizon Wireless's customers.

31.     On information and belief, Verizon Wireless has had knowledge of the '929 Patent since at least the filing of the original Complaint in this action, or shortly thereafter, and on information and belief, Verizon Wireless knew of the '929 Patent and knew of its infringement, including by way of this lawsuit. By the time of trial, Verizon Wireless will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of the claims of the '929 Patent.

32.     On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '929 Patent.

33.     Verizon Wireless's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to infringe Claim 1 of the '929 Patent, knowing that when the Accused Instrumentalities are used in their ordinary and customary manner such systems constitute infringing communication systems comprising: a first apparatus having a first storage

medium, and a second apparatus, said second apparatus comprising: a second storage medium configured to store management information of data to be transferred to said first storage medium, a communicator configured to communicate data with said first apparatus, a detector configured to detect whether said first apparatus and said second apparatus are connected, an editor configured to select certain data to be transferred and to edit said management information based on said selection without regard to the connection of said first apparatus, and a controller configured to control transfer of the selected data stored in said second apparatus via said communicator based on said management information edited by said editor when said detector detects that said first apparatus and said second apparatus are connected, wherein said controller is configured to compare said management information edited by said editor with management information of data stored in said first storage medium and to transmit data in said second apparatus based on the results of the comparison.  For example, Verizon Wireless explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of communicating and sharing data among multiple devices: "Backup and sync automatically. Keep your important stuff saved and up to date. With Verizon Cloud, your daily changes are automatically protected on our secure servers." *See* https://www.verizonwireless.com/solutions-and-services/verizon-cloud/. For similar reasons, Verizon Wireless also induces its customers to use the Accused Instrumentalities to infringe other claims of the '929 Patent.  Verizon Wireless specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '929 Patent.  Verizon Wireless performed the acts that constitute induced infringement, and would induce actual infringement, with the

knowledge of the '929 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement. On information and belief, Verizon Wireless engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through Verizon Wireless's user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '929 Patent. Accordingly, Verizon Wireless has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '929 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '929 Patent. Accordingly, Verizon Wireless has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '929 Patent, in violation of 35 U.S.C. § 271(b).

34.     Verizon Wireless  also indirectly infringes the '929 Patent by manufacturing, using, selling, offering for sale, and/or importing the accused products, with knowledge that the accused products were and are especially manufactured and/or especially adapted for use in infringing the '929 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use. On information and belief, the Accused Instrumentality is designed to be used as an infringing communication systems comprising: a first apparatus having a first storage medium, and a second apparatus, said second apparatus comprising: a second storage medium configured to store management information of data to be transferred to said first storage medium, a communicator configured to communicate data with said first apparatus, a detector

configured to detect whether said first apparatus and said second apparatus are connected, an editor configured to select certain data to be transferred and to edit said management information based on said selection without regard to the connection of said first apparatus, and a controller configured to control transfer of the selected data stored in said second apparatus via said communicator based on said management information edited by said editor when said detector detects that said first apparatus and said second apparatus are connected, wherein said controller is configured to compare said management information edited by said editor with management information of data stored in said first storage medium and to transmit data in said second apparatus based on the results of the comparison. Because the Accused Instrumentality is designed to operate as the claimed system for communication, the Accused Instrumentality has no substantial non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.  Verizon Wireless's manufacture, use, sale, offering for sale, and/or importation of the Accused Instrumentality constitutes contributory infringement of the '929 Patent. Accordingly, Verizon Wireless has been, and currently is, contributorily infringing the '929 patent, in violation of 35 U.S.C. § 271(c).

35.    The Accused Instrumentalities include a system for communicating data. For example, the Accused Instrumentalities include "[a] communication system including a first apparatus having a first storage medium, and a second apparatus."  As an example, the Palm device as sold by Verizon includes the Verizon Cloud Application:



As an example, the Verizon Cloud application allows users to communicate, backup and sync data from the Palm device on Verizon Cloud servers, which include a storage medium:

# Verizon Cloud Features

 **Celebrate your photos.**

Transform your photos into beautiful print products that you'll cherish for a lifetime.

**Backup and sync automatically.**

Keep your important stuff saved and up to date. With Verizon Cloud, your daily changes are automatically protected on our secure servers.

https://www.verizonwireless.com/solutions-and-services/verizon-cloud/

The Verizon Cloud server is an example of a first apparatus. The Palm device is an example of a second apparatus.

36.    The Accused Instrumentalities include "said second apparatus comprising: a second storage medium configured to store management information of data to be transferred to said first storage medium." As an example, the Palm device includes gigabytes of storage:



*See also* https://www.palm.com/product:



As an example, and as shown from the below photos, a Palm device using Verizon Cloud can manage the transfer of various kinds data stored in the device (*e.g.* contacts, photos, videos, music, and documents) to the Verizon Cloud servers:



37.     The Accused Instrumentalities further include a second apparatus comprising "a communicator configured to communicate with said first apparatus." For example, the Palm device using the Verizon Cloud application is designed to communicate data with the Verizon Cloud servers over both cellular and WiFi networks:



*See also* https://www.verizonwireless.com/support/verizon-cloud-faqs/:

**13. How much does it cost to upload or download files on my phone or tablet with the Verizon Cloud app?**

That depends on what kind of network you're connected to at the time.

**Syncing over Wi-Fi** - If you keep Verizon Cloud in "Wi-Fi only" mode and always use Wi-Fi when syncing or streaming content, you won't be charged for data usage.

**Syncing over the Verizon Wireless network using data** - If your device isn't connected to a Wi-Fi network, data charges may apply when uploading, downloading or streaming a file with the Verizon Cloud app, and you'll be charged according to your data plan.

Get unlimited data and 500 GB of Verizon Cloud storage included with Above Unlimited. ⓘ

38.     The Accused Instrumentalities further include a second apparatus comprising "a detector configured to detect whether said first apparatus and a second apparatus                                    are                                    connected." For example, the Palm device can determine whether or not it is connected to the Verizon Cloud server over a cellular or WiFi Network:



39.    The Accused Instrumentalities further include a second apparatus comprising "an editor configured to select certain data to be transferred and to edit said management information based on said selection without regard to the connection of said first apparatus." For example, the Palm device is configured to allow a user to select the data to be backed up and synced with the Verizon Cloud server even when the user is not connected to a cellular or WiFi network or the Verizon Cloud server (*e.g.* in Airplane Mode):







40.     The Accused Instrumentalities further include a second apparatus comprising "a controller configured to control transfer of the selected data stored in said second apparatus to said first apparatus via said communicator based on said management information edited by said editor when said detector detects that said first apparatus and said second apparatus are connected." For example, when the Palm device is connected to the Verizon Cloud servers over a cellular and/or WiFi network, it will transfer the data stored in the applications selected by the user to the Verizon Cloud servers:

## 1. What is Verizon Cloud?

Verizon Cloud is a service that offers secure cloud storage to wirelessly back up and sync the following types of content between your phone, tablet, computer and other devices:

- Contacts
- Pictures
- Videos
- Music
- Documents
- Text and multimedia messages*
- Call logs*

You can access your content through the Verizon Cloud website or the Verizon Cloud app on your iOS device, Android® device or computer. Your content is available virtually anywhere.

Plus, if your phone is ever damaged, lost or stolen, you don't have to worry about losing your contacts or files.

Get Verizon Cloud now or watch a video about Verizon Cloud to learn more.

*Call logs are Customer Proprietary Network Information (CPNI) and are subject to the Verizon Privacy Policy.

https://www.verizonwireless.com/support/verizon-cloud-faqs/

# Verizon Cloud Features

**Celebrate your photos.**

Transform your photos into beautiful print products that you'll cherish for a lifetime.

**Backup and sync automatically.**

Keep your important stuff saved and up to date. With Verizon Cloud, your daily changes are automatically protected on our secure servers.

**Your life, your stories.**

Stories automatically organizes your photos and videos, so it's easy to bring your memories to life.

**Store photos, contacts and more.**

Verizon Cloud offers storage for photos, videos, contacts, music, documents, call logs and text messages*.

**Share with friends.**

Share select media content to your TV or using your favorite apps.

**Works on all kinds of devices.**

Access your files on your smartphone, tablet, or on the web, simply download Verizon Cloud on each and you are ready to go.

https://www.verizonwireless.com/solutions-and-services/verizon-cloud/

41.   The Accused Instrumentalities further include a second apparatus wherein said controller "is configured to compare said management information edited by said editor with management information of data stored in said first storage medium and to transmit data in said second apparatus based on result of the comparison." For example, the Palm device using the Verizon Cloud application is configured to compare the data already transmitted to the Verizon Cloud server with the data present in the Palm device that the user selected to be backed up and transmit new or changed data from the Palm device to the Verizon cloud server (e.g. a new photo that was not previously saved on the Verizon Cloud server).

## 1. What is Verizon Cloud?

Verizon Cloud is a service that offers secure cloud storage to wirelessly back up and sync the following types of content between your phone, tablet, computer and other devices:

- Contacts

- Pictures

- Videos

- Music

- Documents

- Text and multimedia messages*

- Call logs*

You can access your content through the Verizon Cloud website or the Verizon Cloud app on your iOS device, Android® device or computer. Your content is available virtually anywhere.

Plus, if your phone is ever damaged, lost or stolen, you don't have to worry about losing your contacts or files.

Get Verizon Cloud now or watch a video about Verizon Cloud to learn more.

*Call logs are Customer Proprietary Network Information (CPNI) and are subject to the Verizon Privacy Policy.

https://www.verizonwireless.com/support/verizon-cloud-faqs/

As further example, upon taking a new photo with the Palm device, the Palm device will compare the photo with those already backed up on the Verizon Cloud server and inform the user that there is data that has not yet been backed up:



As an additional example, certain information (e.g. contacts, text and multimedia messages) selected for syncing when deleted by the user, will also be deleted from the Verizon Cloud server during the next back up or sync:

**8. When I delete something from my phone or tablet, will it be saved in Verizon Cloud?**

It depends on what type of file you delete on your device:

- Saved in the cloud
  - □ Pictures
  - □ Videos
  - □ Songs
  - □ Documents

- Deleted from the cloud
  - □ Contacts
  - □ Text and multimedia messages
  - □ Call logs

Note: If you delete a contact with the Verizon Cloud website, that contact will also be deleted from your phone.

https://www.verizonwireless.com/support/verizon-cloud-faqs/

42.     Verizon Wireless also infringes other claims of the '929 Patent, directly and through inducing infringement and contributory infringement.

43.     On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the methods claimed by the '929 Patent.

44.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' data communication features, Verizon Wireless  has injured Data Scape and is liable to Data Scape for infringement of the '929 Patent pursuant to 35 U.S.C. § 271.

45.     As a result of Verizon Wireless's infringement of the '929 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for

Verizon Wireless's infringement, but in no event less than a reasonable royalty for the use made of the invention by Verizon Wireless, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,617,537

## (Against Verizon Communications and Cellco Partnership collectively "Verizon Wireless")

46.     Data Scape is the owner by assignment of United States Patent No. 7,617,537 ("the '537 Patent"), entitled "Communication System And Its Method and Communication Apparatus And Its Method." The '537 Patent was duly and legally issued by the United States Patent and Trademark Office on November 10, 2009. A true and correct copy of the '537 Patent is included as Exhibit C.

47.     On information and belief, Verizon Wireless has offered for sale, sold and/or imported into the United States Verizon Wireless products and services that infringe the '537 patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, Verizon Wireless smartphones using the Verizon Cloud application, including the Palm device, and all versions and variations thereof since the issuance ("Accused Instrumentalities").

48.     On information and belief, Verizon Wireless has directly infringed and continues to infringe the '537 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities, which perform the communication method to transfer content data to a first apparatus from a second apparatus claimed by Claim 1 of the  '537 Patent comprising: judging whether said first apparatus and said second apparatus are connected, comparing, upon judging that said first apparatus and said second apparatus are connected, an identifier of said first apparatus with an identifier stored in said second apparatus,

comparing, when said identifier of said first apparatus corresponds to said identified stored in said second apparatus, a first list of content data of said second apparatus; transferring, from the second apparatus to the first apparatus, first content data, which is registered in said second list and is not registered in said first list; and deleting, from the first apparatus, second content data which is registered in said first list and is not registered in said second list.  Upon information and belief, Verizon Wireless uses the Accused Instrumentalities, which perform the infringing method, for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to Verizon Wireless's customers.

49.     On information and belief, Verizon Wireless has had knowledge of the '537 Patent since at least the filing of the original Complaint in this action, or shortly thereafter, and on information and belief, Verizon Wireless knew of the '537 Patent and knew of its infringement, including by way of this lawsuit. By the time of trial, Verizon Wireless will have known and intended (since receiving such notice) that their continued actions would actively induce and contribute to the infringement of the claims of the '537 Patent.

50.     On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '537 Patent.

51.     Verizon Wireless's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to perform methods that infringe Claim 1 of the '537 Patent, knowing that when the Accused Instrumentalities are used in their ordinary and customary manner such systems performing infringing communication methods to transfer content data to a first apparatus from a second apparatus, comprising: judging whether said first apparatus and said second apparatus are connected, comparing, upon judging that said first apparatus and said second apparatus are connected, an identifier of said first apparatus with an identifier stored in said second apparatus, comparing, when said identifier of said first

apparatus corresponds to said identified stored in said second apparatus, a first list of content data of said second apparatus; transferring, from the second apparatus to the first apparatus, first content data, which is registered in said second list and is not registered in said first list; and deleting, from the first apparatus, second content data which is registered in said first list and is not registered in said second list.   For example, Verizon Wireless explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of communicating and sharing data among multiple devices: "Backup and sync automatically. Keep your important stuff saved and up to date. With Verizon Cloud, your daily changes are automatically protected on our secure servers." *See* https://www.verizonwireless.com/solutions-and-services/verizon-cloud/.   For similar reasons, Verizon Wireless also induces its customers to use the Accused Instrumentalities to infringe other claims of the '537 Patent.  Verizon Wireless specifically intended and was aware that the normal and customary use of the Accused Instrumentalities would infringe the ' 537 Patent.  Verizon Wireless performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '537 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, Verizon Wireless engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through Verizon Wireless's user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '537 Patent.  Accordingly, Verizon Wireless as induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '537 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '537 Patent. Accordingly, Verizon Wireless has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '537 Patent, in violation of 35 U.S.C. § 271(b).

52.     Verizon Wireless   also indirectly infringes the '537 Patent by manufacturing, using, selling, offering for sale, and/or importing the accused products, with knowledge that the accused products were and are especially manufactured and/or especially adapted for use in infringing the '537 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.  On information and belief, the Accused Instrumentality is designed to perform infringing communication methods to transfer content data to a first apparatus from a second apparatus, comprising: judging whether said first apparatus and said second apparatus are connected, comparing, upon judging that said first apparatus and said second apparatus are connected, an identifier of said first apparatus with an identifier stored in said second apparatus, comparing, when said identifier of said first apparatus corresponds to said identified stored in said second apparatus, a first list of content data of said second apparatus; transferring, from the second apparatus to the first apparatus, first content data, which is registered in said second list and is not registered in said first list; and deleting, from the first apparatus, second content data which is registered in said first list and is not registered in said second list. Because the Accused Instrumentality is designed to perform the claimed method for communication, the Accused Instrumentality has no substantial non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.   Verizon Wireless's manufacture, use, sale, offering for sale, and/or importation of the Accused Instrumentality constitutes contributory infringement of the '537 Patent. Accordingly, Verizon Wireless has been, and currently is, contributorily infringing the '537 patent, in violation of 35 U.S.C. § 271(c).

53.   The Accused Instrumentalities perform a communication method to transfer content data from a first apparatus to a second apparatus. As an example, the Palm device as sold by Verizon includes the Verizon Cloud Application:



As an example, the Verizon Cloud application allows users to transfer data from the Palm device to Verizon Cloud servers:



# Verizon Cloud Features

### ☐◎ Celebrate your photos.

Transform your photos into beautiful print products that you'll cherish for a lifetime.

### ↻ Backup and sync automatically.

Keep your important stuff saved and up to date. With Verizon Cloud, your daily changes are automatically protected on our secure servers.

https://www.verizonwireless.com/solutions-and-services/verizon-cloud/

The Palm device is an example of a first apparatus. The Verizon Cloud server is an example of a second apparatus.

54.    The Accused Instrumentalities perform a communication method to transfer content data from a first apparatus to a second apparatus further comprising judging whether said first apparatus and said second apparatus are connected. For example, a Palm device using the Verizon Cloud application can detect whether or not it is detected to a connected to the Verizon Cloud server via a cellular and/or WiFi network:



55.    The Accused Instrumentalities perform a communication method to transfer content data from a first apparatus to a second apparatus further comprising comparing, upon judging that said first apparatus and said second apparatus are connected, an identifier of said first apparatus with an identifier stored in said second apparatus. For example, the

Palm device is identified as the "Tablet" "Palm PVG100," when the device is connected to the Verizon Cloud server:



In the alternative, where the Verizon Cloud server is an example of a first apparatus and the Palm device is an example of the second apparatus, an example of the identifier is the unique mobile number and email address associated with each Verizon Cloud account and which identifies the content stored in the Verizon Cloud servers:

**3. I have more than one line on my account. How do I manage the Verizon Cloud content backed up from my other devices?**

Each mobile number on your account will have a separate Verizon Cloud account associated with it, if it subscribes to the service. To access the content stored in the cloud for a specific device, you have to sign in to the Verizon Cloud website using that device's username and password.

You can't view the cloud content for all of your devices at once, even as the Account Owner. You can only see the cloud content associated with the specific mobile number you sign in under.

Note: Tablets also have a mobile number assigned to them, which you can use to sign in to Verizon Cloud. If you sign in with your tablet number, you'll access the cloud specific to your tablet. If you sign in with your mobile phone number, you can view, sync and back up to your phone's Cloud account. If you don't know your tablet's mobile number, you can find it on the My Devices page in My Verizon.

https://www.verizonwireless.com/support/verizon-cloud-faqs/



56.     The Accused Instrumentalities perform a communication method to transfer content data from a first apparatus to a second apparatus further comprising comparing, when said identifier of said first apparatus corresponds to said identifier stored in second apparatus, a first list of content data of said first apparatus and a second list of content data of said second apparatus. For example, when Palm device and the Verizon Cloud servers are connected, a list of data and applications selected by the user to be backed up and synced with the Verizon Cloud drive will be compared to the data stored in the Verizon Cloud servers to ascertain if the lists contain the same data (e.g. a new photo that was not previously saved on the Verizon Cloud servers).

## 1. What is Verizon Cloud?

Verizon Cloud is a service that offers secure cloud storage to wirelessly back up and sync the following types of content between your phone, tablet, computer and other devices:

- Contacts

- Pictures

- Videos

- Music

- Documents

- Text and multimedia messages*

- Call logs*

You can access your content through the Verizon Cloud website or the Verizon Cloud app on your iOS device, Android® device or computer. Your content is available virtually anywhere.

Plus, if your phone is ever damaged, lost or stolen, you don't have to worry about losing your contacts or files.

Get Verizon Cloud now or watch a video about Verizon Cloud to learn more.

*Call logs are Customer Proprietary Network Information (CPNI) and are subject to the Verizon Privacy Policy.

https://www.verizonwireless.com/support/verizon-cloud-faqs/



For example, if the user has selected Photos to be backed up and if the Palm device determines that a photo has been taken that has not been backed up or synced with the

Verizon Cloud server, the Palm device will inform the user that there is data that has not yet been backed up:



57.     The Accused Instrumentalities perform a communication method to transfer content data from a first apparatus to a second apparatus further comprising transferring, from the second apparatus to the first apparatus, first content data, which is registered in said second list and is not registered in said first list.  For example, when Palm device and the Verizon Cloud servers are connected, a list of data and applications selected by the user to be backed up and synced with the Verizon Cloud drive will be compared to the data stored in the Verizon Cloud servers to ascertain if the lists contain the same data (e.g. a new photo that was not previously saved on the Verizon Cloud servers). If it is found that there is data in the list selected by the user that is not present in the Verizon Cloud server that new data will be transferred:

## 1. What is Verizon Cloud?

Verizon Cloud is a service that offers secure cloud storage to wirelessly back up and sync the following types of content between your phone, tablet, computer and other devices:

- Contacts
- Pictures
- Videos
- Music
- Documents
- Text and multimedia messages*
- Call logs*

You can access your content through the Verizon Cloud website or the Verizon Cloud app on your iOS device, Android® device or computer. Your content is available virtually anywhere.

Plus, if your phone is ever damaged, lost or stolen, you don't have to worry about losing your contacts or files.

Get Verizon Cloud now or watch a video about Verizon Cloud to learn more.

*Call logs are Customer Proprietary Network Information (CPNI) and are subject to the Verizon Privacy Policy.

https://www.verizonwireless.com/support/verizon-cloud-faqs/

For example, if the user has selected Photos to be backed up and if the Palm device determines that a photo has been taken that has not been backed up or synced with the Verizon Cloud server, the Palm device will inform the user that there is data that has not yet been backed up, and will transfer only that photo upon performing a back up (*e.g.* the photo will be transferred to Verizon Cloud during the next back up or upon the "Back Up Now" button being selected).



58.     The Accused Instrumentalities perform a communication method to transfer content data from a first apparatus to a second apparatus further comprising deleting, from the first apparatus, second content data, which registered in said first list and is not registered in the second list. As an additional example, when a user has selected contacts, text and multimedia messages selected for syncing, and deletes data associated with those lists, the accompanying data will also be deleted from the Verizon Cloud server during the next back up or sync:

**8. When I delete something from my phone or tablet, will it be saved in Verizon Cloud?**

It depends on what type of file you delete on your device:

- Saved in the cloud
  - □ Pictures
  - □ Videos
  - □ Songs
  - □ Documents

- Deleted from the cloud
  - □ Contacts
  - □ Text and multimedia messages
  - □ Call logs

Note: If you delete a contact with the Verizon Cloud website, that contact will also be deleted from your phone.

https://www.verizonwireless.com/support/verizon-cloud-faqs/

59.      Verizon Wireless also infringes other claims of the '537 Patent, directly and through inducing infringement and contributory infringement.

60.      On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the methods claimed by the '537 Patent.

61.      By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' data communication features, Verizon Wireless  has injured Data Scape and is liable to Data Scape for infringement of the '537 Patent pursuant to 35 U.S.C. § 271

62.      As a result of Defendant's infringement of the '537 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for each

Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by each Defendant, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 9,715,893

## (Against Verizon Communications and Cellco Partnership collectively "Verizon Wireless")

63.     Data Scape is the owner by assignment of United States Patent No. 9,715,893 ("the '893 Patent"), entitled "Recording Apparatus, Server Apparatus, Recording Method, Program and Storage Medium." The '893 Patent was duly and legally issued by the United States Patent and Trademark Office on July 25, 2017. A true and correct copy of the '893 Patent is included as Exhibit D.

64.     Verizon Wireless has offered for sale, sold and/or imported into the United States products and services that infringe the '893 patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, Verizon Wireless smartphones using the Verizon Cloud application, including the Palm device, and all versions and variations thereof since the issuance of the '893 patent ("Accused Instrumentalities").

65.     Each defendant has directly infringed and continues to infringe the '893 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities. Verizon Wireless uses the Accused Instrumentalities for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to its customers.

66.     For example, the Accused Instrumentalities infringe Claim 1 (as well as other claims) of the '893 Patent. One non-limiting example of the Accused Instrumentalities' infringement follows.

67.    The Accused Instrumentalities include "[a] non-transitory computer-readable storage medium storing instructions which, when executed by a computer, cause the computer to perform a method of an information processing apparatus for transferring data." For example, the Accused Instrumentalities include instructions to transfer data stored on one device (e.g. a Palm Device) to another device (e.g. the Verizon Cloud servers). For example, the Palm device as sold by Verizon Wireless includes the Verizon Cloud Application:



The Palm device with the Verizon Cloud application will transfer data from the Palm device to the Verizon Cloud servers:

# Verizon Cloud Features

 **Celebrate your photos.**
Transform your photos into beautiful print products that you'll cherish for a lifetime.

**Backup and sync automatically.**
Keep your important stuff saved and up to date. With Verizon Cloud, your daily changes are automatically protected on our secure servers.

https://www.verizonwireless.com/solutions-and-services/verizon-cloud/

68.     The Accused Instrumentalities include instructions for "automatically reading first management data from a first storage medium, the first management data identifying files of source data stored on the first storage medium." As an example, the Palm device includes gigabytes of storage, designed to store various content data (e.g. contacts, photos, videos, music, and documents).



*See also* https://www.palm.com/product:

48



For example, the Palm device includes a touch screen interface that allows a user to choose which data stored in the device (*e.g.* contacts, photos, videos, music, and documents) will backed up using the Verizon Cloud application:



### 1. What is Verizon Cloud?

Verizon Cloud is a service that offers secure cloud storage to wirelessly back up and sync the following types of content between your phone, tablet, computer and other devices:

- Contacts

- Pictures

- Videos

- Music

- Documents

- Text and multimedia messages*

- Call logs*

You can access your content through the Verizon Cloud website or the Verizon Cloud app on your iOS device, Android® device or computer. Your content is available virtually anywhere.

Plus, if your phone is ever damaged, lost or stolen, you don't have to worry about losing your contacts or files.

Get Verizon Cloud now or watch a video about Verizon Cloud to learn more.

*Call logs are Customer Proprietary Network Information (CPNI) and are subject to the Verizon Privacy Policy.

https://www.verizonwireless.com/support/verizon-cloud-faqs/

     69.    The Accused Instrumentalities include instructions for "automatically identifying, by the computer, one of the files of source data based on the first management data and second management data, the second management data identifying files of transferred data stored on a second storage medium, the one of the files of source data being absent from the second storage medium." For example, when the Palm device is connected to the Verizon Cloud server it will compare the lists of data stored in the Verizon Cloud server with the lists of data selected by the user in the Palm device to determine if any data needs to be backed up:

## 1. What is Verizon Cloud?

Verizon Cloud is a service that offers secure cloud storage to wirelessly back up and sync the following types of content between your phone, tablet, computer and other devices:

- Contacts
- Pictures
- Videos
- Music
- Documents
- Text and multimedia messages*
- Call logs*

You can access your content through the Verizon Cloud website or the Verizon Cloud app on your iOS device, Android® device or computer. Your content is available virtually anywhere.

Plus, if your phone is ever damaged, lost or stolen, you don't have to worry about losing your contacts or files.

Get Verizon Cloud now or watch a video about Verizon Cloud to learn more.

*Call logs are Customer Proprietary Network Information (CPNI) and are subject to the Verizon Privacy Policy.

https://www.verizonwireless.com/support/verizon-cloud-faqs/

For example, if the user has selected Photos to be backed up and if the Palm device determines that a photo has been taken that has not been backed up or synced with the Verizon Cloud server, the Palm device will inform the user that there is data that has not yet been backed up, and will transfer only that photo upon performing a back up (*e.g.* the photo will be transferred to Verizon Cloud during the next back up or upon the "Back Up Now" button being selected):



The Accused Instrumentalities include instructions for "automatically transferring the one of the files of source data to the second storage medium, the one of the files of source data being transferred becoming one of the files of transferred data." For example, if the user has selected Photos to be backed up and if the Palm device determines that a photo has been taken that has not been backed up or synced with the Verizon Cloud server, the Palm device will automatically transfer the photo during the next scheduled backup:



70.    The Accused Instrumentalities include instructions for "automatically displaying transferring status of the one of the files of source data by a symbolic figure." For example, during the back up process, the Verizon Cloud application as used on an iPhone will display a picture of the photo being backed up and the status of the transfer:



71.    Verizon Wireless has had knowledge of the '893 Patent and its infringement since at least the filing of the original Complaint in this action, or shortly thereafter, including by way of this lawsuit. By the time of trial Verizon Wireless will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of the claims of the '893 Patent.

72.    Verizon Wireless's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to infringe the claims of the '893 Patent. Use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '893 Patent.

73.     For example, Verizon Wireless explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of replicating data among multiple devices. Each defendant also induces its customers to use the Accused Instrumentalities to infringe other claims of the '893 Patent. Verizon Wireless specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '893 Patent. Verizon Wireless performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '893 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, Verizon Wireless engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through its user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '893 Patent.  Accordingly, Verizon Wireless has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '893 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '893 Patent. Accordingly, each defendant has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '893 Patent, in violation of 35 U.S.C. § 271(b).

74.     Each defendant has also infringed, and continues to infringe, claims of the '893 Patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the '893 Patent, and constitute a material part of the invention. Defendant knows the components in the Accused Instrumentalities to be especially made or especially adapted for use in infringement of the '893 Patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. For example, the ordinary way of using the Accused Instrumentalities infringes the patent claims, and as

such, is especially adapted for use in infringement. Accordingly, each defendant has been, and currently is, contributorily infringing the '893 Patent, in violation of 35 U.S.C. § 271(c).

75.     For similar reasons, Verizon Wireless also infringes the '893 Patent by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the Accused Instrumentalities, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the '893 Patent if such combination occurred within the United States. For example, Verizon Wireless supplies or causes to be supplied in or from the United States all or a substantial portion of the hardware (e.g., the Palm Device or other smartphone) and software (e.g., the Verizon Cloud application) components of the Accused Instrumentalities in such a manner as to actively induce the combination of such components outside of the United States.

76.     Verizon Wireless also indirectly infringes the '893 Patent by supplying or causing to be supplied in or from the United States components of the Accused Instrumentalities that are especially made or especially adapted for use in infringing the '893 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use, and where such components are uncombined in whole or in part, knowing that such components are so made or adapted and intending that such components are combined outside of the United States in a manner that would infringe the '893 Patent if such combination occurred within the United States. Because the Accused Instrumentalities are designed to operate as the claimed system and apparatus, the Accused Instrumentalities have no substantial non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. For example, each defendant supplies or causes to be supplied in or from the United States all or a substantial portion of the hardware (e.g., the Palm Device or other smartphone) and software (e.g., the Verizon Cloud application) components that are especially made or especially adapted for use in the Accused Instrumentalities, where such hardware and

software components are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such components are so made or adapted and intending that such components are combined outside of the United States, as evidenced by each defendant's own actions or instructions to users in, e.g., combining multiple Data Domain servers into infringing systems, and enabling and configuring the infringing functionalities of the Accused Instrumentalities.

77.     Verizon Wireless also infringes other claims of the '893 Patent, directly and through inducing infringement and contributory infringement.

78.     On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the methods claimed by the '893 Patent.

79.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' data communication features, Verizon Wireless  has injured Data Scape and is liable to Data Scape for infringement of the '893 Patent pursuant to 35 U.S.C. § 271.

80.     As a result of Defendant's infringement of the '893 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for each Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by each Defendant, together with interest and costs as fixed by the Court.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 7,617,537

### (Against Verizon Communications and Verizon Connect collectively "Verizon Connect")

81.     Data Scape is the owner by assignment of United States Patent No. 7,617,537 ("the '537 Patent"), entitled "Communication System And Its Method and

Communication Apparatus And Its Method." The '537 Patent was duly and legally issued by the United States Patent and Trademark Office on November 10, 2009. A true and correct copy of the '537 Patent is included as Exhibit C.

82.     On information and belief, Verizon Connect has offered for sale, sold and/or imported into the United States Verizon Connect products and services that infringe the '537 patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, the Verizon Connect "Work" software and service, the "Fleetmatics Work" software and service, and the Work Mobile application, and all versions and variations thereof since the issuance of the '537 patent ("Accused Instrumentalities").

83.     On information and belief, Verizon Connect has directly infringed and continues to infringe the '537 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities, which perform the communication method to transfer content data to a first apparatus from a second apparatus claimed by Claim 1 of the  '537 Patent comprising: judging whether said first apparatus and said second apparatus are connected, comparing, upon judging that said first apparatus and said second apparatus are connected, an identifier of said first apparatus with an identifier stored in said second apparatus, comparing, when said identifier of said first apparatus corresponds to said identified stored in said second apparatus, a first list of content data of said second apparatus; transferring, from the second apparatus to the first apparatus, first content data, which is registered in said second list and is not registered in said first list; and deleting, from the first apparatus, second content data which is registered in said first list and is not registered in said second list.  Upon information and belief, Verizon Connect uses the Accused Instrumentalities, which perform the infringing method, for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to Verizon Connect's customers.

84.     On information and belief, Verizon Connect has had knowledge of the '537 Patent since at least the filing of the original Complaint in this action, or shortly thereafter, and on information and belief, Verizon Connect knew of the '537 Patent and knew of its infringement, including by way of this lawsuit. By the time of trial, Verizon Connect will have known and intended (since receiving such notice) that their continued actions would actively induce and contribute to the infringement of the claims of the '537 Patent.

85.     On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '537 Patent.

86.     Verizon Connect's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to perform methods that infringe Claim 1 of the '537 Patent, knowing that when the Accused Instrumentalities are used in their ordinary and customary manner such systems performing infringing communication methods to transfer content data to a first apparatus from a second apparatus, comprising: judging whether said first apparatus and said second apparatus are connected, comparing, upon judging that said first apparatus and said second apparatus are connected, an identifier of said first apparatus with an identifier stored in said second apparatus, comparing, when said identifier of said first apparatus corresponds to said identified stored in said second apparatus, a first list of content data of said second apparatus; transferring, from the second apparatus to the first apparatus, first content data, which is registered in said second list and is not registered in said first list; and deleting, from the first apparatus, second content data which is registered in said first list and is not registered in said second list.   For example, Verizon Connect explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of communicating and sharing data among multiple devices: "Automatically Work Offline. Job information is automatically saved when a Fieldworkers has lost Photos, notes and more get synced when they're back online."

https://support.work.fleetmatics.com/hc/en-us/articles/360000236706-What-is-the-difference-between-Work-Classic-App-and-Work-Mobile-App-.  For similar reasons, Verizon Connect also induces its customers to use the Accused Instrumentalities to infringe other claims of the '537 Patent.  Verizon Connect specifically intended and was aware that the normal and customary use of the Accused Instrumentalities would infringe the ' 537 Patent.  Verizon Connect performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '537 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, Verizon Connect engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through Verizon Connect's user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '537 Patent.  Accordingly, Verizon Connect has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '537 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '537 Patent. Accordingly, Verizon Connect has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '537 Patent, in violation of 35 U.S.C. § 271(b).

87.    Verizon Connect  also indirectly infringes the '537 Patent by manufacturing, using, selling, offering for sale, and/or importing the accused products, with knowledge that the accused products were and are especially manufactured and/or especially adapted for use in infringing the '537 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.  On information and belief, the Accused Instrumentality is designed to perform infringing communication methods to transfer content data to a first apparatus from a second apparatus, comprising: judging whether said first apparatus and said second apparatus are connected, comparing,

upon judging that said first apparatus and said second apparatus are connected, an identifier of said first apparatus with an identifier stored in said second apparatus, comparing, when said identifier of said first apparatus corresponds to said identified stored in said second apparatus, a first list of content data of said second apparatus; transferring, from the second apparatus to the first apparatus, first content data, which is registered in said second list and is not registered in said first list; and deleting, from the first apparatus, second content data which is registered in said first list and is not registered in said second list. Because the Accused Instrumentality is designed to perform the claimed method for communication, the Accused Instrumentality has no substantial non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.   Verizon Connect's manufacture, use, sale, offering for sale, and/or importation of the Accused Instrumentality constitutes contributory infringement of the '537 Patent. Accordingly, Verizon Connect has been, and currently is, contributorily infringing the '537 patent, in violation of 35 U.S.C. § 271(c).

88.     The Accused Instrumentalities perform a communication method to transfer content data from a first apparatus to a second apparatus. As an example, the Work Mobile application is designed to transfer data from a smartphone or table to the Verizon Connect Work Servers:

Work Mobile is our new fieldworker app that can be used by Fieldworkers to record job details such as notes, photos and signatures from the field.

The Work Mobile app is available for download in the Apple App Store and Google Play. The Work Mobile app is currently available for:

- **Phone-iOS:** iOS 9 and up
- **Phone-Android:** Lollipop 5.0 and up
- **Tablet-iOS:** iOS 9 and up
- **Tablet-Android:** Lollipop 5.0 and up

Before you download the app, you'll need login information including a username and password. Admins in the office can create login information. To learn more, visit - How do I create a fieldworker?

https://support.work.fleetmatics.com/hc/en-us/articles/360001075006-How-do-I-download-the-Work-Mobile-App-

Once the Fieldworker reaches an area with coverage, all the Job information will get synced and available for Admins in the office to review.

https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

89.     The Accused Instrumentalities perform a communication method to transfer content data from a first apparatus to a second apparatus further comprising judging whether said first apparatus and said second apparatus are connected. For example, the Work Mobile application will determine whether it is connected to the Work Admin, or Work servers, and sync data automatically when connected:

Offline mode on the Work Mobile App allows a Fieldworker to perform many of the functions of a Job even if they are outside of cellular coverage.

When Fieldworkers are in a location where they are traveling in and out of coverage, Work Mobile will notify them they are in offline mode.



https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

90.     The Accused Instrumentalities perform a communication method to transfer content data from a first apparatus to a second apparatus further comprising comparing, upon judging that said first apparatus and said second apparatus are connected, an identifier of said first apparatus with an identifier stored in said second apparatus. For example, every Fieldworker has a "Fieldworker Profile," or identifier, which is created by Work Admin and stored in the Verizon Connect servers:

> A Fieldworker(i.e. Field User) profile is used to log into the Work mobile app. Through the app, Fieldworkers can accept jobs and view other job details from the field.
>
> Each employee who gets assigned to a job needs to have a Fieldworker profile created for them. Without a Fieldworker profile, they will not be able to log in to the app and access the jobs dispatched to them.
>
> You can view this short video to walk you through the steps of creating Fieldworkers or read more below.

https://support.work.fleetmatics.com/hc/en-us/articles/360000798383-How-do-I-create-a-fieldworker-

Once the Fieldworker is created, Admins will see that User on their list and can now start creating Jobs for them.



https://support.work.fleetmatics.com/hc/en-us/articles/360000798383-How-do-I-create-a-fieldworker-

The Fieldworker can access the Fieldworker profile, by entering a username and password into the Work Mobile application:



https://support.work.fleetmatics.com/hc/en-us/articles/360001148723-New-Work-Mobile-App-Webinar

91.     The Accused Instrumentalities perform a communication method to transfer content data from a first apparatus to a second apparatus further comprising comparing, when said identifier of said first apparatus corresponds to said identifier stored in second apparatus, a first list of content data of said first apparatus and a second list of content data of said second apparatus. For example, when the device running the Work Mobile application is connected to the Verizon Work servers / Work Admin, data input by the worker will be transferred and synced with data stored in the Verizon Work servers. Such lists of data include: time on the job, Job Start/ Finish Questions, Job Custom Fields, Client Custom Fields, Completion Notes, photos of the job, customer signatures, and billing items. *See*   https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-.

Offline mode on the Work Mobile App allows a Fieldworker to perform many of the functions of a Job even if they are outside of cellular coverage.

When Fieldworkers are in a location where they are traveling in and out of coverage, Work Mobile will notify them they are in offline mode.

Once the Fieldworker reaches an area with coverage, all the Job information will get synced and available for Admins in the office to review.

https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

92.     The Accused Instrumentalities perform a communication method to transfer content data from a first apparatus to a second apparatus further comprising transferring, from the second apparatus to the first apparatus, first content data, which is registered in said second list and is not registered in said first list.  For example, when the device running

the Work Mobile application is connected to the Verizon Connect Work servers / Work Admin, determines that job information data input by the worker, has not been transmitted to Work Admin,  will be transferred and synced with data stored in the Verizon Connect servers / Work Admin, this information will be transferred from the device to the servers.. The information to be transferred includes: time on the job, Job  Start/ Finish Questions, Job Custom Fields, Client Custom Fields, Completion Notes, photos of the job, customer signatures, and billing items. *See* https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-.

Offline mode on the Work Mobile App allows a Fieldworker to perform many of the functions of a Job even if they are outside of cellular coverage.

When Fieldworkers are in a location where they are traveling in and out of coverage, Work Mobile will notify them they are in offline mode.

Once the Fieldworker reaches an area with coverage, all the Job information will get synced and available for Admins in the office to review.

https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

93.     The Accused Instrumentalities perform a communication method to transfer content data from a first apparatus to a second apparatus further comprising deleting, from the first apparatus, second content data, which registered in said first list and is not registered in the second list. For example, the Fieldworker can assign his or her job to another fieldworker. This will cause the job and all job status entries made by the user to be removed from the Work Mobile Application:

Below the Special Instructions is the **Fieldworker** where your fieldworker's name is listed.  If they need to change the job to a different Fieldworker they can tap on their name and select from the prompt.  This will remove the job from their app and take them back to the Active Jobs list.  The job will no longer appear for them to edit.



https://support.work.fleetmatics.com/hc/en-us/articles/208602076-Lifecycle-of-a-Job-in-the-App

This will also cause the removal of Job Status entries (e.g. time entries) made by the Fieldworker from the Verizon Connect servers / Work Admin:



https://support.work.fleetmatics.com/hc/en-us/articles/208602076-Lifecycle-of-a-Job-in-the-App

94.     Verizon Wireless also infringes other claims of the '537 Patent, directly and through inducing infringement and contributory infringement.

95.     On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the methods claimed by the '537 Patent.

96.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' data communication features, Verizon Wireless  has injured Data Scape and is liable to Data Scape for infringement of the '537 Patent pursuant to 35 U.S.C. § 271

97.     As a result of Defendant's infringement of the '537 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for each Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by each Defendant, together with interest and costs as fixed by the Court.

## COUNT VI

## INFRINGEMENT OF U.S. PATENT NO. 8,386,581

## (Against Verizon Communications and Verizon Connect collectively "Verizon Connect")

98.     Data Scape is the owner by assignment of United States Patent No. 8,386,581 ("the '581 Patent"), entitled "Communication System And Its Method and

Communication Apparatus And Its Method." The '581 Patent was duly and legally issued by the United States Patent and Trademark Office on February 26, 2013. A true and correct copy of the '581 Patent is included as Exhibit A.

99.     On information and belief, Verizon Connect has offered for sale, sold and/or imported into the United States Verizon Connect products and services that infringe the '581 patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, the Verizon Connect "Work" software and service, the "Fleetmatics Work" software and service, and the Work Mobile application, and all versions and variations thereof since the issuance of the '581 patent ("Accused Instrumentalities").

100.     On information and belief, Verizon Connect has directly infringed and continues to infringe the '581 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities, which constitute communication apparatus of Claim 1 of the '581 Patent comprising: a storage unit configured to store content data to a storage medium; a communication unit configured to communicate with an external apparatus; a controller configured to edit a list so that content data is registered in the list, to uniquely associate the list with the external apparatus using a unique identification of the external apparatus, to extract the list associated with the external apparatus from a plurality of lists in the communication apparatus when the external apparatus is connected to the communication apparatus, and to control transferring of content data registered in the extracted list to the external apparatus.  Upon information and belief, Verizon Connect uses the Accused Instrumentalities, which are infringing systems, for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to Verizon Connect's customers.

101.    On information and belief, Verizon Connect has had knowledge of the '581 Patent since at least the filing of the original Complaint in this action, or shortly thereafter, and on information and belief, Verizon Connect knew of the '581 Patent and knew of its infringement, including by way of this lawsuit. By the time of trial, Verizon Connect will have known and intended (since receiving such notice) that their continued actions would actively induce and contribute to the infringement of the claims of the '581 Patent.

102.    On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '581 Patent.

103.    Verizon Connect's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to infringe the claims of the '581 Patent, knowing that when the Accused Instrumentalities are used in their ordinary and customary manner, such systems constitute infringing communication systems comprising: a storage unit configured to store content data to a storage medium; a communication unit configured to communicate with an external apparatus; a controller configured to edit a list so that content data is registered in the list, to uniquely associate the list with the external apparatus using a unique identification of the external apparatus, to extract the list associated with the external apparatus from a plurality of lists in the communication apparatus when the external apparatus is connected to the communication apparatus, and to control transferring of content data registered in the extracted list to the external apparatus.  For example, Verizon Connect explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of  allowing "Automatically Work Offline. Job information is automatically saved when a Fieldworkers has lost Photos, notes and more get synced when they're           back           online."           https://support.work.fleetmatics.com/hc/en-us/articles/360000236706-What-is-the-difference-between-Work-Classic-App-and-Work-Mobile-App-. Verizon Connect also induces its customers to use the Accused

Instrumentalities to infringe other claims of the '581 Patent. Verizon Connect specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '581 Patent. Verizon Connect performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '581 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement. On information and belief, Verizon Connect engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through Verizon Connect's user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '581 Patent. Accordingly, Verizon Connect has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '581 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '581 Patent. Accordingly, Verizon Connect has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '581 Patent, in violation of 35 U.S.C. § 271(b).

104.    Verizon Connect has also infringed, and continues to infringe, claims of the '581 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the '581 patent, and constitute a material part of the invention. Verizon Connect knows the components in the Accused Instrumentalities to be especially made or especially adapted for use in infringement of the '581 patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. For example, the ordinary way of using the Accused Instrumentalities infringes the patent claims, and as such, is especially adapted for use in infringement. Accordingly, Verizon Connect has been, and currently is, contributorily infringing the '581 patent, in violation of 35 U.S.C. § 271(c).

105.    For similar reasons, Verizon Connect also infringes the '581 Patent by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the Accused Instrumentalities, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the '581 Patent if such combination occurred within the United States. For example, Verizon Connect supplies or causes to be supplied in or from the United States all or a substantial portion of the and software components of the Accused Instrumentalities in such a manner as to actively induce the combination of such components outside of the United States.

106.    Verizon Connect also indirectly infringes the '581 Patent by supplying or causing to be supplied in or from the United States components of the Accused Instrumentalities that are especially made or especially adapted for use in infringing the '581 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use, and where such components are uncombined in whole or in part, knowing that such components are so made or adapted and intending that such components are combined outside of the United States in a manner that would infringe the '581 Patent if such combination occurred within the United States. Because the Accused Instrumentalities are designed to operate as the claimed system and apparatus, the Accused Instrumentalities have no substantial non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. For example, Verizon Connect supplies or causes to be supplied in or from the United States all or a substantial portion of the software components that are especially made or especially adapted for use in the Accused Instrumentalities, where such software components are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such components are so made or adapted and intending that such components are combined outside of the United States, as evidenced by Verizon

Connect's own actions or instructions to users in and enabling and configuring the infringing functionalities of the Accused Instrumentalities.

107.    The Accused Instrumentalities include "[a] communication apparatus." As an example, the Work Mobile application is designed to transfer data from a phone, tablet, or other mobile device to the Verizon Connect Work Servers:

Work Mobile is our new fieldworker app that can be used by Fieldworkers to record job details such as notes, photos and signatures from the field.

The Work Mobile app is available for download in the Apple App Store and Google Play. The Work Mobile app is currently available for:

- **Phone-iOS:** iOS 9 and up
- **Phone-Android:** Lollipop 5.0 and up
- **Tablet-iOS:** iOS 9 and up
- **Tablet-Android:** Lollipop 5.0 and up

Before you download the app, you'll need login information including a username and password. Admins in the office can create login information. To learn more, visit - How do I create a fieldworker?

https://support.work.fleetmatics.com/hc/en-us/articles/360001075006-How-do-I-download-the-Work-Mobile-App-

Once the Fieldworker reaches an area with coverage, all the Job information will get synced and available for Admins in the office to review.

https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

108.    The Accused Instrumentalities include "a storage unit configured to store content data to a storage medium." For example, the phone, tablet, or other mobile device on which the Work Mobile Application is designed to function contains storage medium to store the application and associated entries by the Fieldworker.

Work Mobile is our new fieldworker app that can be used by Fieldworkers to record job details such as notes, photos and signatures from the field.

The Work Mobile app is available for download in the Apple App Store and Google Play. The Work Mobile app is currently available for:

- **Phone-iOS:** iOS 9 and up
- **Phone-Android:** Lollipop 5.0 and up
- **Tablet-iOS:** iOS 9 and up
- **Tablet-Android:** Lollipop 5.0 and up

Before you download the app, you'll need login information including a username and password. Admins in the office can create login information. To learn more, visit - How do I create a fieldworker?

https://support.work.fleetmatics.com/hc/en-us/articles/360001075006-How-do-I-download-the-Work-Mobile-App-

109.    The Accused Instrumentalities further include "a communication unit configured to communicate with an external apparatus." For example, the phone, tablet, or other mobile device on which the Work Mobile application is running can communicate data to the Work Admin / Work Connect Servers via WiFi or cellular networks:

Once the Fieldworker reaches an area with coverage, all the Job information will get synced and available for Admins in the office to review.

https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

110.     The Accused Instrumentalities further include "a controller configured to edit a list so that content data is registered in the list."  For example, the phone, tablet, or other mobile device on which the Verizon Mobile Application is running includes a touch screen or other interface that allows a  fieldworker to input job data into the Work Mobile Application. Such lists of data include: time on the job, Job  Start/ Finish Questions, Job Custom Fields, Client Custom Fields, Completion Notes, photos of the job, customer signatures,   and   billing   items.   *See*   https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-.

111.     The Accused Instrumentalities further include a controller configured "to uniquely associate the list with the external apparatus using a unique identification of the external apparatus." For example, every Fieldworker has a "Fieldwork Profile," or identifier, which is created by Work Admin and stored in the Verizon Connect servers:

A Fieldworker(i.e. Field User) profile is used to log into the Work mobile app. Through the app, Fieldworkers can accept jobs and view other job details from the field.

Each employee who gets assigned to a job needs to have a Fieldworker profile created for them. Without a Fieldworker profile, they will not be able to log in to the app and access the jobs dispatched to them.

You can view this short video to walk you through the steps of creating Fieldworkers or read more below.

https://support.work.fleetmatics.com/hc/en-us/articles/360000798383-How-do-I-create-a-fieldworker-

Once the Fieldworker is created, Admins will see that User on their list and can now start creating Jobs for them.



https://support.work.fleetmatics.com/hc/en-us/articles/360000798383-How-do-I-create-a-fieldworker-

The Fieldworker can access the Fieldworker profile, by entering a username and password into the Work Mobile application:



https://support.work.fleetmatics.com/hc/en-us/articles/360001148723-New-Work-Mobile-App-Webinar

112.    The Accused Instrumentalities further include a controller configured "to extract the list associated with the external apparatus from a plurality of lists in the communication apparatus when the external apparatus is connected to the communication apparatus."  For example, when the device running the Work Mobile application is connected to the Verizon Connect Work servers / Work Admin, determines that job information data input by the worker, has not been transmitted to Work Admin,  will be transferred and synced with data stored in the Verizon Connect servers / Work Admin, this information will be transferred from the device to the servers.. The information to be transferred includes: time on the job, Job  Start/ Finish Questions, Job Custom Fields, Client Custom Fields, Completion Notes, photos of the job, customer signatures, and billing items. *See*  https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-.

Offline mode on the Work Mobile App allows a Fieldworker to perform many of the functions of a Job even if they are outside of cellular coverage.

When Fieldworkers are in a location where they are traveling in and out of coverage, Work Mobile will notify them they are in offline mode.

Once the Fieldworker reaches an area with coverage, all the Job information will get synced and available for Admins in the office to review.

https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

113.    The Accused Instrumentalities further include a controller configured "to control transferring of content data registered in the extracted list to the external apparatus." For example, when the device running the Work Mobile application is connected to the Verizon Work servers / Work Admin, data input by the worker will be transferred and synced with data stored in the Verizon Work servers. Such lists of data include: time on the job, Job  Start/ Finish Questions, Job Custom Fields, Client Custom Fields, Completion

Notes, photos of the job, customer signatures, and billing items. *See* https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-.

Offline mode on the Work Mobile App allows a Fieldworker to perform many of the functions of a Job even if they are outside of cellular coverage.

When Fieldworkers are in a location where they are traveling in and out of coverage, Work Mobile will notify them they are in offline mode.

Once the Fieldworker reaches an area with coverage, all the Job information will get synced and available for Admins in the office to review.

https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

114. Verizon Connect also infringes other claims of the '581 Patent, directly and through inducing infringement and contributory infringement.

115. On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the methods claimed by the '581 Patent.

116. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' data communication features, Verizon Connect has injured Data Scape and is liable to Data Scape for infringement of the '581 Patent pursuant to 35 U.S.C. § 27

117. As a result of Verizon Connect's infringement of the '581 Patent, Data Scape is entitled to monetary damages in an amount adequate to compensate for each Verizon Connect's infringement, but in no event less than a reasonable royalty for the use

made of the invention by Verizon Connect, together with interest and costs as fixed by the Court.

## COUNT VII

## INFRINGEMENT OF U.S. PATENT NO. 7,720,929

## (Against Verizon Communications and Verizon Connect collectively "Verizon Connect")

118.    Data Scape is the owner by assignment of United States Patent No. 7,720,929 ("the '929 Patent"), entitled "Communication System And Its Method and Communication Apparatus And Its Method." The '929 Patent was duly and legally issued by the United States Patent and Trademark Office on May 18, 2010. A true and correct copy of the '929 Patent is included as Exhibit B.

119.    On information and belief, Verizon Connect has offered for sale, sold and/or imported into the United States Verizon Connect products and services that infringe the '929 patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, the Verizon Connect "Work" software and service, the "Fleetmatics Work" software and service, and the Work Mobile application, and all versions and variations thereof since the issuance of the '929 patent ("Accused Instrumentalities").

120.    On information and belief, Verizon Connect has directly infringed and continues to infringe the '929 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities, which constitute the communication system of Claim 1 of the  '929 Patent comprising: a first apparatus having a first storage medium, and a second apparatus, said second apparatus comprising: a second storage medium configured to store management information of data to be transferred to said first storage medium, a communicator configured to communicate data with said first apparatus, a detector

configured to detect whether said first apparatus and said second apparatus are connected, an editor configured to select certain data to be transferred and to edit said management information based on said selection without regard to the connection of said first apparatus, and a controller configured to control transfer of the selected data stored in said second apparatus via said communicator based on said management information edited by said editor when said detector detects that said first apparatus and said second apparatus are connected, wherein said controller is configured to compare said management information edited by said editor with management information of data stored in said first storage medium and to transmit data in said second apparatus based on the results of the comparison. Upon information and belief, Verizon Wireless uses the Accused Instrumentalities, which are infringing systems, for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to Verizon Wireless's customers.

121. On information and belief, Verizon Connect has had knowledge of the '929 Patent since at least the filing of the original Complaint in this action, or shortly thereafter, and on information and belief, Verizon Connect knew of the '929 Patent and knew of its infringement, including by way of this lawsuit. By the time of trial, Verizon Connect will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of the claims of the '929 Patent.

122. On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '929 Patent.

123. Verizon Connect's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal

and customary way to infringe Claim 1 of the '929 Patent, knowing that when the Accused Instrumentalities are used in their ordinary and customary manner such systems constitute infringing communication systems comprising: a first apparatus having a first storage medium, and a second apparatus, said second apparatus comprising: a second storage medium configured to store management information of data to be transferred to said first storage medium, a communicator configured to communicate data with said first apparatus, a detector configured to detect whether said first apparatus and said second apparatus are connected, an editor configured to select certain data to be transferred and to edit said management information based on said selection without regard to the connection of said first apparatus, and a controller configured to control transfer of the selected data stored in said second apparatus via said communicator based on said management information edited by said editor when said detector detects that said first apparatus and said second apparatus are connected, wherein said controller is configured to compare said management information edited by said editor with management information of data stored in said first storage medium and to transmit data in said second apparatus based on the results of the comparison.  For example, Verizon Connect explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of communicating and sharing data among multiple devices: "Automatically Work Offline. Job information is automatically saved when a Fieldworkers has lost Photos, notes and more get synced when they're back online." https://support.work.fleetmatics.com/hc/en-us/articles/360000236706-What-is-the-difference-between-Work-Classic-App-and-Work-Mobile-App-. For similar reasons, Verizon Connect also induces its customers to use the Accused Instrumentalities to infringe other claims of the '929 Patent.  Verizon

Connect specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '929 Patent. Verizon Connect performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '929 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement. On information and belief, Verizon Connect engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through Verizon Connect's user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '929 Patent. Accordingly, Verizon Connect has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '929 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '929 Patent. Accordingly, Verizon Connect has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '929 Patent, in violation of 35 U.S.C. § 271(b).

124. Verizon Connect also indirectly infringes the '929 Patent by manufacturing, using, selling, offering for sale, and/or importing the accused products, with knowledge that the accused products were and are especially manufactured and/or especially adapted for use in infringing the '929 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use. On information and belief, the Accused Instrumentality is designed to be used as an infringing communication systems comprising: a first apparatus having a first storage medium, and a second apparatus,

said second apparatus comprising: a second storage medium configured to store management information of data to be transferred to said first storage medium, a communicator configured to communicate data with said first apparatus, a detector configured to detect whether said first apparatus and said second apparatus are connected, an editor configured to select certain data to be transferred and to edit said management information based on said selection without regard to the connection of said first apparatus, and a controller configured to control transfer of the selected data stored in said second apparatus via said communicator based on said management information edited by said editor when said detector detects that said first apparatus and said second apparatus are connected, wherein said controller is configured to compare said management information edited by said editor with management information of data stored in said first storage medium and to transmit data in said second apparatus based on the results of the comparison. Because the Accused Instrumentality is designed to operate as the claimed system for communication, the Accused Instrumentality has no substantial non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.  Verizon Connect's manufacture, use, sale, offering for sale, and/or importation of the Accused Instrumentality constitutes contributory infringement of the '929 Patent. Accordingly, Verizon Wireless has been, and currently is, contributorily infringing the '929 patent, in violation of 35 U.S.C. § 271(c).

125.    The Accused Instrumentalities include a system for communicating data. For example, the Accused Instrumentalities include "[a] communication system including a first apparatus having a first storage medium, and a second apparatus."  As an example, the Verizon Connect Work product is designed to transfer data between a device utilizing

the Verizon Mobile Work application and the Verizon Connect servers / work admin. Both the Verizon Connect servers and the device (e.g. smartphone, tablet, or other mobile device) include storage media (e.g. flash memory, solid state drive, or hard disk):

Work Mobile is our new fieldworker app that can be used by Fieldworkers to record job details such as notes, photos and signatures from the field.

The Work Mobile app is available for download in the Apple App Store and Google Play. The Work Mobile app is currently available for:

- **Phone-iOS:** iOS 9 and up
- **Phone-Android:** Lollipop 5.0 and up
- **Tablet-iOS:** iOS 9 and up
- **Tablet-Android:** Lollipop 5.0 and up

Before you download the app, you'll need login information including a username and password. Admins in the office can create login information. To learn more, visit - How do I create a fieldworker?

https://support.work.fleetmatics.com/hc/en-us/articles/360001075006-How-do-I-download-the-Work-Mobile-App-

Once the Fieldworker reaches an area with coverage, all the Job information will get synced and available for Admins in the office to review.

https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

126.    The Accused Instrumentalities include "said second apparatus comprising: a second storage medium configured to store management information of data to be transferred to said first storage medium." For example, the smartphone, tablet, or other

mobile device on which the Work Mobile application is utilized includes a storage medium for storing information about a job that is input by a Fieldworker to be transferred to the Verizon Connect servers / Work admin. Such information includes: time on the job, Job Start/ Finish Questions, Job Custom Fields, Client Custom Fields, Completion Notes, photos of the job, customer signatures, and billing items. *See* https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-.

127.    The Accused Instrumentalities further include a second apparatus comprising "a communicator configured to communicate with said first apparatus." For example, the phone, tablet, or other mobile device on which the Work Mobile application is running can communicate data to the Work Admin / Work Connect Servers via WiFi or cellular networks:

> Once the Fieldworker reaches an area with coverage, all the Job information will get synced and available for Admins in the office to review.

https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

128.    The Accused Instrumentalities further include a second apparatus comprising "a detector configured to detect whether said first apparatus and a second apparatus                    are                    connected." For example, the smartphone, tablet, or mobile device utilizing the Work Mobile application will determine whether it is connected to the Work Admin, or Work servers:

Offline mode on the Work Mobile App allows a Fieldworker to perform many of the functions of a Job even if they are outside of cellular coverage.

When Fieldworkers are in a location where they are traveling in and out of coverage, Work Mobile will notify them they are in offline mode.



https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

129.    The Accused Instrumentalities further include a second apparatus comprising "an editor configured to select certain data to be transferred and to edit said management information based on said selection without regard to the connection of said first apparatus." For example, the phone, tablet, or other mobile device on which the Verizon Mobile Application is running includes a touch screen or other interface that allows a fieldworker to input job data into the Work Mobile Application. Such lists of data include: time on the job, Job Start/ Finish Questions, Job Custom Fields, Client Custom Fields, Completion Notes, photos of the job, customer signatures, and billing items. *See* https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-. This information can be edited even in "offline" mode, where the Work Mobile application is not connected to the Verizon Connect servers / Work Admin:

Offline mode on the Work Mobile App allows a Fieldworker to perform many of the functions of a Job even if they are outside of cellular coverage.

When Fieldworkers are in a location where they are traveling in and out of coverage, Work Mobile will notify them they are in offline mode.



https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

130.    The Accused Instrumentalities further include a second apparatus comprising "a controller configured to control transfer of the selected data stored in said second apparatus to said first apparatus via said communicator based on said management information edited by said editor when said detector detects that said first apparatus and said second apparatus are connected." For example, when the smartphone, tablet or other device has been working in offline mode and comes online, the data input by the Fieldworker that has not been previously transferred to the Verizon Connect servers / Work Admin will be synced with the servers:

Offline mode on the Work Mobile App allows a Fieldworker to perform many of the functions of a Job even if they are outside of cellular coverage.

When Fieldworkers are in a location where they are traveling in and out of coverage, Work Mobile will notify them they are in offline mode.

Once the Fieldworker reaches an area with coverage, all the Job information will get synced and available for Admins in the office to review.

https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

131.    The Accused Instrumentalities further include a second apparatus wherein said controller "is configured to compare said management information edited by said editor with management information of data stored in said first storage medium and to transmit data in said second apparatus based on result of the comparison." For example, when the device running the Work Mobile application is connected to the Verizon Connect Work servers / Work Admin, determines that job information data input by the worker, has not been transmitted to Work Admin,  will be transferred and synced with data stored in

the Verizon Connect servers / Work Admin, this information will be transferred from the device to the servers.. The information to be transferred includes: time on the job, Job Start/ Finish Questions, Job Custom Fields, Client Custom Fields, Completion Notes, photos of the job, customer signatures, and billing items. *See* https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-.

Offline mode on the Work Mobile App allows a Fieldworker to perform many of the functions of a Job even if they are outside of cellular coverage.

When Fieldworkers are in a location where they are traveling in and out of coverage, Work Mobile will notify them they are in offline mode.

Once the Fieldworker reaches an area with coverage, all the Job information will get synced and available for Admins in the office to review.

https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

132.    Verizon Connect also infringes other claims of the '929 Patent, directly and through inducing infringement and contributory infringement.

133.    On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the methods claimed by the '929 Patent.

134.    By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' data communication features, Verizon Connect has injured Data Scape and is liable to Data Scape for infringement of the '929 Patent pursuant to 35 U.S.C. § 271.

As a result of Verizon Wireless's infringement of the '929 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for Verizon Connect's infringement, but in no event less than a reasonable royalty for the use made of the invention by Verizon Wireless, together with interest and costs as fixed by the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Data Scape respectfully requests that this Court enter:

a.      A judgment in favor of Plaintiff that Verizon Wireless has infringed, either literally and/or under the doctrine of equivalents, the '581 Patent, '929 Patent, the '537 Patent, and the '893 Patent (collectively, "asserted patents");

b.      A judgment in favor of Plaintiff that Verizon Connect has infringed, either literally and/or under the doctrine of equivalents, the '581 Patent, '929 Patent, and the '537 Patent;

c.      A permanent injunction prohibiting each Defendant from further acts of infringement of the asserted patents;

d.      A judgment and order requiring each Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for its infringement of the asserted patents, as provided under 35 U.S.C. § 284;

e.      A judgment and order requiring each Defendant to provide an accounting and to pay supplemental damages to Data Scape, including without limitation, prejudgment and post-judgment interest;

f.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against each Defendant; and

g.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  February 27, 2019

Respectfully submitted,

*/s/ Jose E. de la Fuente*
Jose E. de la Fuente
Lloyd Gosselink Rochelle & Townsend, PC
816 Congress Avenue, Suite 1900
Austin, TX 78701
Email: jdelafuente@1glawfirm.com
Telephone: (512) 322-5800

**RUSS AUGUST & KABAT**
12424 Wilshire Blvd., 12th Floor,
Los Angeles, CA 90025
Telephone: 310-979-8251

Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
Paul A. Kroeger (CA SBN 229074)
Email: pkroeger@raklaw.com
C. Jay Chung (CA SBN 252794)
Email: jchung@raklaw.com
Philip X. Wang (CA SBN 262239)
Email: pwang@raklaw.com

*Attorneys for Plaintiff Data Scape Limited*